## MONROE COUNTY.

JANUARY TERM, 1883, No. 109.     MARCH 10, 1884.

## Christman *v.* Christ *et al.*

1. A, the owner of a tract of land, conveyed the same by deed to B and C as tenants in common for the consideration of one dollar and " under and subject nevertheless " to certain stipulations for the future support and maintenance of the grantor, and the payment to her of a specific sum semi-annually during her life, and of a further specific sum to one D at the expiration of five years from the date of the deed. B and C executed and delivered to A at the same time that the deed was executed and delivered their bond and mortgage of even date with the deed, in the penal sum of $2,000, conditioned for the payment and performance of all the stipulations stated in the deed. Shortly after, B and C made partition of the land; B died and his purpart was sold by order of the orphans' court to pay debts, and purchased by D. Ten years after the execution of the deed and other papers, suit was brought by A on the bond against C, survivor of B; a narr alleging breaches of all the stipulations mentioned in the bond was filed, and defendant subsequently confessed judgment in the penal sum of $2,000, and by agreement of the parties, damages were assessed against C in favor of D for one half of the sum due her with interest. Executions being issued, C's portion of the land conveyed by A was sold thereunder to E. Ejectment being afterwards brought by A against E, it was *held*, that the deed executed by A to B and C did not convey to the grantees merely an estate upon condition subsequent, but that they acquired thereby the grantor's whole estate subject to the lien imposed by the stipulation in the deed.

2. The judgment obtained by A against C, and the sale thereunder, divested the lien of A on the land, and the jury were properly instructed to find for the defendant.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Monroe County.*

Ejectment by Hannah Christman, otherwise called Hannah Buskirk, against Richard Christ and William Buskirk to recover a tract of land in Ross township, containing 103 acres.

The facts as they appear on the trial before MEYERS, P. J., are as follows:

Hannah Christman, otherwise called Hannah Buskirk, being the owner in fee simple of a tract of land supposed to contain 150 acres, more or less, in Chestnuthill, now Ross township, Monroe county, by deed dated February 21, 1856, duly recorded, conveyed the same to Thomas Christman and Sally Ann Hawk (wife of Cornelius Hawk) as tenants in common, "under and subject nevertheless"

[Christman *v.* Christ *et al.*]

to the following conditions, viz: that the said grantees, their heirs and assigns, "shall and will for and during the natural life of said Hannah, grantor hereof, well and sufficiently in sickness and in health, clothe and feed, support and maintain, the said Hannah, or furnish and provide the money necessary herefor, at the option of the said Hannah, grantor hereof, during her lifetime as aforesaid, and further, on the 1st day of July and January following the date of these presents, pay to the said Hannah the sum of $15, being $30 annually, for spending money; and further pay, or cause to be paid, unto Amelia Buskirk, wife of Nicholas Buskirk, of Jackson township, her heirs or assigns, the sum of $666, at or upon the expiration of five years from the date hereof without interest."

At the same time of the execution and delivery of this deed, the grantees, Thomas Christman and Sally Ann Hawk, executed and delivered to the plaintiff a bond and mortgage of even date with said deed, in the penal sum of $2,000, conditioned as follows, to wit: "For the payment to said Hannah Buskirk of the just sum of $15 on the 1st day of July and January following the date of these presents, annually, year and every year during the lifetime of said Hannah; and shall and do further well and sufficiently in sickness and in health, clothe and feed, support and maintain, the said Hannah, or furnish and provide ample and sufficient money necessary therefor, at the option of said Hannah, during her lifetime as aforesaid; and further shall and do pay, or cause to be paid, unto Amelia Buskirk, the wife of Nicholas Buskirk, of Jackson township, Monroe county, her heirs and assigns, the sum of $666, at or upon the expiration of five years from the date of these presents without interest therefor."

Shortly after the conveyance, Thomas Christman and Sally Ann Hawk made partition of said land, each taking in severalty about 103 acres, the tract considerably overrunning the supposed quantity upon measurement. Thomas Christman died in June, 1865; and his real estate was sold by order of the orphans' court for payment of his debts, November 18, 1865, the said Amelia Buskirk, now intermarried with one Bates, becoming the purchaser for the sum of $945.

The condition of the deed, bond, and mortgage not being complied with, Hannah Buskirk, the plaintiff, brought an action of debt on the bond against Cornelius Hawk and Sally Ann Hawk, survivors of Thomas Christman. The summons in this suit was issued December 7, 1866.

[Christman *v.* Christ *et al.*]

A narr was filed assigning breaches of all of the above conditions of the bond.

January 1, 1869, defendants in that suit confessed judg-ment in the penal sum of $2,000, and by agreement of par-ties, damages were assessed against Hawk and wife in favor of Amelia Buskirk for $903 79, of which amount it was agreed that in any execution that should be issued against Hawk and wife, only $413 73, and the interest on that amount, and costs of suit, should be collected ; the balance of $490 06 to be paid by the estate of Thomas Christman, deceased.

On this judgment a *fi. fa.* issued, under which the real estate of Cornelius Hawk and wife, being the same land for which the present action of ejectment was brought, was levied on, inquisition held and condemnation had, and the real estate was sold September 18, 1869, to Richard Christ, the present defendant, for the sum of $500.   Wil-liam Buskirk is the tenant in possession under Christ.

The defendant submitted, *inter alia*, the following points :

*Second.* The deed of Hannah Christman to Thomas Christman and Sally Ann Hawk, wife of Cornelius Hawk, dated February 21, 1856, does not convey to the grantees an estate on a condition subsequent, but the said deed only creates a lien upon the lands in favor of the grantor, and the plaintiff cannot recover in ejectment.

*Affirmed.*   (Twelfth assignment of error.)

*Third.* The sheriff's sale of the land to Christ by Hannah Christman on execution under her judgment obtained on the bond secured by the mortgage, (it being suit No 41, Dec. T., 1866,) discharged the said land from the lien of the mortgage of February 21, 1856.

*Affirmed.*   (Thirteenth assignment of error.)

*Fourth.* Inasmuch as the sheriff's sale to Christ dis-charged the lands from the lien of the said mortgage, the said sale also discharged the premises from the lien created thereon by the deed and the agreement therein.

*Affirmed.*   (Fourteenth assignment of error.)

*Twenty-second* Under all the evidence in the case, the verdict must be for the defendant.

*Affirmed.*   (Nineteenth assignment of error.)

The Court accordingly directed the jury to render a ver-dict in favor of the defendants.   Verdict for defendants and judgment thereon ; upon which the plaintiff took this writ, assigning for error, *inter alia*, the affirmance of de-fendants' points noted above, and the Court's direction to the jury to find for the defendants.

[Christman *v.* Christ *et al.*]

*S. Holmes* for plaintiff in error

We hold that in this case the plaintiff at the time of her conveyance to Hawk and Christman secured the annual renders and payments in consideration of which the grant was made by three totally distinct and separate methods, viz:

*First.* By reserving an estate in the land in the nature of an annual rent or profit issuing out of the land—by expressly making the corporeal grant subject to the incorporeal reservation.

*Second.* By taking a mortgage lien upon the grantees' interest in the land the corporeal substance vested *sub conditione* in the vendees.

*Third.* By taking the personal obligation of the vendees for the same annual contributions.

What are the words which are held, by a long course of judicial decisions to create in a deed a condition and not a covenant merely?

"The conveyance of a tract of land 'subject, nevertheless, to the condition and obligations contained in a certain article of agreement existing between the parties,' creates an estate upon condition, and they who are interested in the condition may enforce its performance by an action of ejectment, and against a purchaser at sheriff's sale:" Bear *v.* Whisler, 7 Watts, 144; Paschall *v.* Passmore, 3 H., 295; Wastenberger *v.* Reist, 1 H., 598; Wager *v.* Wager, 1 S. & R., 375; Moss *v.* Sheldon, 3 W. & S., 160.

The principal remaining question is as to the effect of the sheriff's sale of the land in question upon the judgment obtained by plaintiff for the use of Amelia Buskirk on the mortgage bond.

The suit No. 41, Dec. T., 1866, although necessarily brought in the name of Hannah Christman, the present plaintiff, and although the breaches laid in the declaration were of all the conditions of the bond, both those for the benefit of the plaintiff herself, as well as those for the benefit of Amelia Buskirk, yet the result of the suit was that judgment was obtained against Sally Ann Hawk and her husband, not for anything due the plaintiff, but only for the amount due by them to Amelia Buskirk, being the one half of $666 and interest.

So that this suit, so far as the plaintiff was concerned, was a failure—it resulted in nothing. It is as though a jury had found in favor of the defendants. The judgment entered is not a judgment in favor of Hannah Bus-

[Christman *v.* Christ *et al.*]

kirk or Christman, but it is a judgment to the use of Amelia Buskirk.

It is true the judgment was confessed for the penalty of the bond, and the amount of damages liquidated by agreement of counsel for plaintiff and defendant, respectively, but that fact is of no consequence. It matters not whether Hannah Christman failed to recover because there was nothing due to her, or because she forgave defendants the debt—the important fact is that she, in her own right, recovered nothing.

The judgment was the judgment of Amelia Buskirk, in which the legal plaintiff had no interest whatever. The execution was the execution of Amelia Buskirk to compel payment, not of any amount due Hannah Christman, but the amount due Amelia Buskirk; and the estate or interest of Sally Ann Hawk in the land was sold for that purpose, and the proceeds applied to that end. Amelia Buskirk, the equitable plaintiff, had a right to issue execution and collect the amount of that judgment by a sale of defendant's interest in the land in despite of the protests or whatever opposition Hannah Christman might make; see Coffey to Use of White *v.* White Ex., 14 W. N. C., 108 ; Kennebec Ice & Coal Co. *v.* Wilmington & N. R. R. Co., 13 W. N. C., 162. And on her writ the land was sold—103 acres, with buildings and improvements, for $500—barely enough to pay the debt, interests, and costs on Amelia Buskirk's judgment.

The authorities recognize three exceptions at least to the rule that liens are discharged by a judicial sale, viz :

*First.* Where liens are created by last wills and testaments as permanent provisions for wives and children.

*Second.* Where, from the nature of the incumbrance, it will not readily admit of valuation.

*Third.* Where it is plain from the agreement of the parties that the incumbrance was intended to run with the land : Stewartson *v.* Watts, 8 Watts, 392 ; Strauss' Appeal, 13 Wr., 353 ; Hiester *v.* Green, 12 Wr., 96 ; Heist *v.* Baker, 13 Wr., 9.

If the plaintiff's security were in the nature of a mere lien, created by deed, it would seem very clearly to fall within both the second and third exceptions above noted, being of indeterminate value, and expressly created to run with the land during the life of the plaintiff.

*William Davis* and *B. F. Fackenthall* for defendant in error.

The Pennsylvania authorities are clear where the part-

[*Christman v. Christ et al.*]

ies stipulate in the conveyance that the lands shall be subject to the purchase money or other consideration, a lien is created, which encumbers the estate in the hands of any one holding under the vendee: Episcopal Academy *v.* Frieze, 2 Watts, 16 ; Stewartson *v.* Watts, 8 Watts, 393 ; Barnitz *v.* Smith, 1 W. & S., 142 ; Bellas *v.* Lloyd, 2 W., 401 ; Hepburn *v.* Snyder, 3 Barr, 77 ; Strauss' Appeal, 13 Wr., 354.

The deed, the bond, and the mortgage constituted but one security: Lynch *v.* Dearth, 2 Pen. & W., 102 ; Bury *v.* Sieber, 5 Barr, 434 ; McCall *v.* Lenox, 9 S. & R., 313.

This lien was a certain definite sum, which the plaintiff had the right to take out of the proceeds of the sale when the sheriff sold the property to Christ, and the same is therefore discharged by the sale, and the plaintiff cannot recover.

The fact here alleged is apparent. The mortgage expressly stipulates :

"Provided always, nevertheless, that if the said parties of the first part shall and do pay, or *cause to be paid, the aforesaid debt of $2,000, or in lieu thereof well and sufficiently pay and perform the covenants and agreements in the bond, etc., etc.*"

Under this provision, Hannah Christman was entitled to participate in the proceeds of sale. It required no impounding of a sum by the court. It did not require the court to ascertain the amount due on account of her lien. The parties themselves fixed it at $2,000. This is definite and certain, and the lien to secure the same was necessarily discharged by the sheriff's sale.

But we say further, that the sheriff's sale in this case, having been under a judgment obtained on the bond, in which Hannah Christman herself was plaintiff, and the suit having been for a breach of all the conditions thereof, including the non-payment of the annuity and the personal support up to the date of the suit, the sheriff's sale, under that judgment, divested her lien or estate, or whatever it may be called.

MARCH 24TH, 1884.—PER CURIAM: The deed and the mortgage bear the same date. They were executed and delivered at the same time. The deed stipulated for future support and maintenance of the grantor, and the payment to her of a specific sum semi-annually during her life, and of a further specific sum to one Amelia Buskirk, at the expiration of five years from the date of the deed. The bond recited in the mortgage was conditioned

[*Zimmerman et al. v. Galbraith.*]

for the payment and performance of all the stipulations stated in the deed. Some ten years after the execution of the papers, suit was brought on the bond. A narr was filed, assigning breaches of all the stipulations and conditions mentioned in the bond. Judgment was obtained, and by virtue of execution thereon, the land was duly sold to the defendant. We think the effect of this judgment and sale divested the lien of the plaintiff on the land. It follows the learned judge committed no error in directing a judgment for the defendants.

Judgment affirmed.